## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

**KELLY D. TITCHENELL,**
**Administratrix of the Estate of Diania L.**
**Kronk, deceased,**

     **Plaintiff,**

**v.**

**GREENE COUNTY; and,**
**ROBERT J. "JEFF" RHODES,**
**individually and as an employee of Greene**
**County Emergency Management/911**
**Communications Center; and,**
**LEON PRICE, individually and as an**
**employee of Greene County Emergency**
**Management/911 Communications Center,**
**Individually and Severally,**

     **Defendant(s).**

**No.**   2:22-CV-890

**Jury Trial Demanded**

## COMPLAINT

**Introduction**

This action seeks damages from the intentional wrongful acts of a 911 operator under the control of Greene County, who willfully and affirmatively denied the Decedent, Diania L. Kronk, access to 911 emergency medical services. The intentional, willful, and wrongful denial of the county supplied emergency medical services was a proximate cause of the death of the Decedent. Kelly D. Titchenell (hereinafter "Titchenell"), daughter of decedent Diania L. Kronk (hereinafter "Kronk" or "Decedent"), as Administratrix of the Estate of Diania L. Kronk, brings this action on behalf of the Decedent's estate. Because Defendant Leon Price (hereinafter "Price" or "911 Operator") refused sending an ambulance to Kronk's residence as "a waste of resources" and by

refusing to immediately dispatch 911 emergency personnel when Titchenell called and requested emergency services for her mother, his actions were a direct and/or proximate cause of her mother's death. Plaintiff alleges that this 911 operator acted under the color of state law and violated Decedent's fundamental and individual rights under the Fourth and Fourteenth Amendments to the Constitution of the United States by denying Decedent of her property interest in equal access to 911 emergency services on the same basis of any other person. This denial of public emergency services was a direct and/or proximate cause of the death of Kronk. Additionally, Titchenell, who had called Greene County emergency 911 on behalf of her mother, had to watch her mother suffer a slow death because of the denial of these public emergency services. Because the actions of the Defendants were a direct cause of the death of the Decedent, this caused emotional injury to Titchenell, opening Defendants to several State tort actions, in addition to the cause of action for violation of the Decedent's Constitutional Due Process rights.

**Jurisdiction and Venue**

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343. The court has supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. § 1367.

Venue in the United States District Court for the Western District of Pennsylvania is proper pursuant to 28 U.S.C. § 1391 based upon the facts that the Plaintiff and all Defendants reside or are located within the bounds of the Western District of Pennsylvania and all relevant transactions, events, and/or occurrences took place in the Western District, Pittsburgh Division, Greene County.

**Parties**

1.     Plaintiff, Kelly D. Titchenell, is an adult individual and presently resides at 623 Sixth Street, Mather, Greene County, Pennsylvania, within the Western District of Pennsylvania.

2.     Plaintiff's decedent, Diania L. Kronk ("Kronk"), was the mother of Plaintiff Titchenell, who, at the time of her death, resided at 623 Sixth Street, Mather, Greene County, Pennsylvania, within the Western District of Pennsylvania.

3.     On April 28, 2022, Kelly D. Titchenell was appointed Administratrix of the Estate of Diania L. Kronk, deceased, by the Register of Wills of Greene County, Pennsylvania, at No. 30-22-0092 of 2022.

4.     Plaintiff, Kelly D. Titchenell, is the biological daughter, and one of three surviving children of Kronk, *i.e.*, Kelly D. Titchenell (daughter), Robert W. Kronk (son), and Tyler Kronk (son).

5.     Defendant, Greene County, is a political subdivision of the Commonwealth of Pennsylvania. Its administrative office address is Greene County Office Building, 3rd Floor 93 E. High Street, Waynesburg, Pennsylvania, 15370, within the Western District of Pennsylvania.

6.     Defendant Greene County, operates Greene County Emergency Management/911 Communications Center ("Greene 911"), which is part of the Greene County Department of Law and Order, a division of Greene County, and was established as and is currently operated as an emergency/911 call and dispatch center for the benefit of residents of the Greene County.

7.     Greene 911 has a place of business at 55 West Greene Street, Waynesburg, Pennsylvania 15370, within the Western District of Pennsylvania.

8.      At all relevant times, Defendants, Greene County and Greene 911, acted through it agents and employees.

9.      Defendant, Robert J. "Jeff' Rhodes ("Rhodes"), at all relevant times, was the Communications Director for and employed by Greene County, and/or Greene 911 (hereinafter collectively referred to as the "911 Call Center") and therefore is a state actor. He is sued in his individual capacity.

10.     Defendant, Leon Price ("Price"), at all relevant times, was a dispatcher employed by 911 Call Center, and therefore is a state actor. He is sued in his individual capacity.

11.     Defendant Greene County, through Greene County Emergency Management/911 Communications Center ("Greene 911"), which is part of the Greene County Department of Law and Order, a division of Greene County, was responsible for the hiring, training and supervision of Price.

12.     At all relevant times, Defendants Greene County, Rhodes and Price were state actors and acting under the color of law.

**Facts**

13.      On or about July 1, 2020 Titchenell received a wifi text message from her brother upon which Titchenell was informed that her mother, Diania Kronk, was "in a bad way." Immediately Titchenell got into her car to drive to her mother's house (which does not have cell service.)

14.     While driving to her mother's house, Titchenell called Greene 911 seeking medical assistance for her 56-year old mother who was jaundiced, incoherent and bleeding from the rectum.

15.    Titchenell was bluntly informed by the 911 Operator that no emergency services would be provided to her mother because it would be a "waste of resources."

16.    The 911 Operator (Defendant Price) said this despite the serious nature of the call was made clear by Titchenell's pleading tone and description of what was seriously wrong with her mother.

17.    This unlawful and callous refusal of public emergency medical services by the 911 Operator either intentionally put the Decedent in more risk or demonstrated malicious indifference to the risk that such a refusal of services would create.

18.    At the time Titchenell was requesting emergency medial help for her mother, all of the available emergency vehicles and EMT personnel were at the 911 emergency call center waiting deployment to any emergency call.

19.    No requested emergency services came that day as a result of Defendant Price's actions, and as a proximate and/or direct result of the lack of emergency medical care, Diania Kronk died.

20.    The Greene 911 operator never notified the local police of the medical emergency at the Plaintiff's Decedent's house.

21.    Medical intervention by Greene 911 emergency service would have saved the Plaintiff's Decedent, or at the very least would have ameliorated her suffering and allowed a more dignified passing.

22.    Plaintiff's Decedent was legally entitled to the same access to emergency services any resident or visitor to Greene County would have had.

23.    Defendant Price had no authority, by statute or otherwise, to superciliously deny services to Plaintiff's Decedent either with or without prior notice.

24.   The fact that Defendant Price believed that he had this authority shows that Defendant Greene County, through Greene 911 and Rhodes, fostered an environment and/or culture that allowed indifference to human life and/or intentional acts or negligence that lent itself to this kind of improper actions by 911 call operators.

25.   All of the Greene 911 emergency services vehicles and paramedics were available, none of them being deployed to any other emergency, and if they had been dispatched Diania Kronk would have survived, or had at the very least a much better chance of survival.

26.   The Plaintiff's Decedent was intentionally treated differently from others similarly situated by the Defendants and that there was no rational basis for such treatment.

27.   Defendant Rhodes is responsible for training and supervising the 911 operators.

28.   The acts of Price and Rhodes, maliciously, intentionally, or with reckless negligence violating the due process rights of the Plaintiff's Decedent, were of the kind and nature that are preventable if the employer selected and retained properly trained and competent employees.

29.   The acts of Price and Rhodes, maliciously, intentionally, or with reckless negligence violating the due process rights of the Plaintiff's Decedent, were of the kind and nature that are preventable if the employer formulated, adopted, and enforced adequate rules and policies to ensure the acts of properly trained and competent employees.

30.   Defendant Greene County is responsible for the actions of its employees.

31.   Defendant Price's actions were such that they shocked the conscience, because of the operator's deliberate indifference to the Decedent and her family's plight.

32.   Defendant Price's actions were such that they shocked the conscience because of the 911

operator's intent, gross negligence, and/or arbitrariness in refusing to send help to the Decedent.

33.   Defendant Price's actions were such that his intent was to cause harm to the Decedent, or at the very least his intent in denying services was deliberately indifferent to the harm it may or may not have caused to the Decedent.

34.   As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, and conscious disregard exhibited by Defendant Price, as stated above, proximately caused the withholding of emergency medical services which foreseeably contributed to the Decedent's death.

35.   As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, and conscious disregard exhibited by Defendant Price, as stated above, the Decedent suffered a pain, mental anguish, embarrassment, humiliation, degradation, emotional distress, and loss of personal dignity, the loss of capacity for enjoyment of life, and wage loss.

36.   Defendants' actions were such that Titchenell and her brothers suffered intense emotional distress, mental anguish, embarrassment, humiliation, and the loss of capacity for enjoyment of life because of the denial of available medical care for the Decedent.

37.   Defendants' actions deprived Plaintiff mother's right to life, liberty and bodily integrity under the Fourteenth Amendment to the Constitution.

38.   The Plaintiff's Decedent had a constitutional liberty interest in personal bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment

## Count I
### Substantive Due Process 42 U.S.C §1983
### (All Defendants)

39.    All prior paragraphs are hereby incorporated herein by reference as if the same were more fully set forth at length herein.

40.    As previously set forth, Defendants actions, individually and/or jointly, created a situation, a state-created danger, where it was foreseeable that Kronk would suffer injury and harm up to and including death.

41.    The actions of Defendants were intentional and/or constituted willful disregard, gross recklessness and deliberate indifference for Kronk's personal safety, well-being and right to life in derogation of the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution.

42.    Specifically, the willful and sudden removal of Plaintiffs' access to public emergency services resulted in an unreasonable delay in Kronk receiving medical care that otherwise would not have occurred.

43.    Further, Defendants' actions actually resulted in the loss of Kronk's property interest in equal access to emergency services and her life in derogation of the Fourth Amendment of the United States Constitution.

44.    The relationship between Defendants and Kronk was such that Defendants had direct knowledge or should have had direct knowledge of the likelihood that Kronk would suffer the harm she did.

45.    Defendants conduct, their position and authority as state actors facilitated, enabled and

created a dangerous situation and made Kronk particularly vulnerable to harm as there was essentially no time during the emergency to research let alone contact alternative services to Greene 911 emergency services.

46.     Defendants, further, through their deliberate and conscious indifference and utter disregard in the training and monitoring of their agents and employees, fostered and created the atmosphere, custom and practice whereby an individual, namely Kronk, could be denied access to emergency services without prior notice.

47.     As a direct and proximate result of willful disregard, intentional, grossly reckless and deliberately indifferent actions and/or failure to act of the Defendants, Kronk was deprived of her right to life and liberty without Due Process and in violation of her Equal Protection rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

48.     As a direct and proximate result of willful disregard, intentional, grossly reckless and deliberately indifferent actions and/or failure to act of the Defendants, Kronk's access to emergency services was unreasonably seized in violation of Kronk's rights under the Fourth Amendment of the United States Constitution.

49.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, and conscious disregard exhibited by Defendant Price, as stated above, combined and concurring with the acts and omissions of other Defendants, proximately caused the withholding of emergency medical services which foreseeably contributed to the Decedent's death.

WHEREFORE, Plaintiff demands judgment against Defendants for all available damages, including punitive damages, in addition to attorney fees and costs pursuant to 42 U.S.C. §1988.

**Count II**
**Procedural Due Process 42 U.S.C §1983**
**(All Defendants)**

50. All prior paragraphs are hereby incorporated herein by reference as if the same were more fully set forth at length herein.

51. Even if Defendants were allowed to remove the right of the Plaintiffs to equal access to emergency services, Plantiff's Decedent was denied access to emergency services without prior notice, and without any opportunity to oppose the action or defend her position.

52. There is no statute providing that emergency service can be arbitrarily cut off, and there is therefore no legal process or mechanism by which they can be cut off from emergency services.

53. Even if there were such a statute or mechanism, sufficient notice would have to be provided that the emergency services were being cut off to satisfy due process requirements.

54. Plaintiff contends that, at minimum, a written letter would have to be mailed to them to serve as sufficient notice that emergency services have been cut off, and this letter would have to list methods of contesting the stoppage of access to emergency services.

55. This burden on the state to provide this process would be minimal, and avoidance of the proper process as demonstrated by this case can result in loss of life.

WHEREFORE, Plaintiff demands judgment against Defendants for all available damages, including punitive damages, in addition to attorney fees and costs pursuant to 42 U.S.C. §1988.

**Count III**
**Intentional Infliction of Emotional Distress**
**(All Defendants)**

56.   All prior paragraphs are hereby incorporated herein by reference as if the same were more

fully set forth at length herein.

57.   As previously stated, Defendant Price's conduct in denying access to emergency services was

intentional or recklessly indifferent to Kronk's health and well-being.

58.   Defendant Price's conduct in this matter was extreme and outrageous as his job is ensuring

people have access to emergency services when they are needed, and he deliberately chose

to deny them without due process to a person in their moment of need when the call center

had the ability to dispatch an ambulance, paramedics, and/or other aid that would have been

reasonably necessary to enhance the chances of Kronk's survival.

59.   Additionally, Defendant Price was investigated for manslaughter for his actions that day,

demonstrating that the local police considered Defendant Price's actions extreme and

outrageous.

60.   Plaintiff Titchenell, Kronk's daughter, suffered severe emotional distress as she herself was

not able to give significant aid to her mother beyond that 911 call, and was forced to watch

her mother die, with the knowledge that the state felt it beneath and "a waste of resources"

for them to send aid to her mother.

61.   Had Defendant Price dispatched an emergency team to Kronk, this distress would not have

occurred as Plaintiff Titchenell would have been reasonably assured that help was on the way

and that the situation was now out of her hands.

62.   Instead, Plaintiff Titchenell was left with a situation where she was her mother's only hope,

and Plaintiff Titchenell had no reasonable hope of providing sufficient aid to her mother.

63. Plaintiff Titchenell suffers from fibromyalgia, and physically could not move her mother, adding to her emotional distress and profound feeling of helplessness.

WHEREFORE, Plaintiff demands judgment against Defendants for all available damages, including but not limited to fees and costs, and any other such relief this Court deems just and proper.

**Count IV**
**Wrongful Death**
**(All Defendants)**

64. All prior paragraphs are hereby incorporated herein by reference as if the same were more fully set forth at length herein.

65. Plaintiff brings this action on behalf of Diania Kronk's estate under and by virtue of the Pennsylvania Judiciary Act 42 Pa.C.S. 8301, known as the Wrongful Death Statute, to recover all damages legally appropriate thereunder.

66. Plaintiff, Titchenell, claims damages for the pecuniary loss suffered by the decedent's survivors by reason of the death of Diania Kronk, deceased as well as for the reimbursement of funeral expenses, and expenses of administration and other expenses incurred in connection therewith.

67. The following persons are entitled to share under this cause of action in the estate of said decedent, Kelly D. Titchenell (daughter), Robert W. Kronk (son), and Tyler Kronk (son).

68. As a result of the death of Diania Kronk, deceased, the survivors, as aforesaid, have been deprived of the companionship, comfort, aid, assistance and society that they would have

received from said Diania Kronk, deceased, for the remainder of her natural life.

69.   Plaintiff Titchenell, claims damages for the conscious pain and suffering including mental and physical pain, suffering and inconvenience, loss of life's pleasures and aggravation of pre-existing medical conditions, and expense of otherwise unnecessary hospitalizations undergone by Diania Kronk, up to and including the time of her death, which was caused by the Defendants' breach of duties, negligence, carelessness and intentional recklessness as described herein.

WHEREFORE, Plaintiff demands judgment against Defendants for all available damages, including but not limited to fees, costs, and any other such relief this Court deems just and proper.

**Count  V**
**Survival Action**
**(All Defendants)**

70.   All prior paragraphs are hereby incorporated herein by reference as if the same were more fully set forth at length herein.

71.   Plaintiff Titchenell, brings this action on behalf of the Diania Kronk's estate under and by virtue of the Pennsylvania Judiciary Act 42 Pa.C.S. 8302, known as the Survival Statute, to recover all damages legally appropriate thereunder.

72.   The following persons are entitled to share under this cause of action in the estate of said decedent, Kelly D. Titchenell (daughter), Robert W. Kronk (son), and Tyler Kronk (son).

73.   The plaintiff's decedent, Diania Kronk, did not bring any action during her lifetime, nor has any other action been commenced on behalf of Diania Kronk against the Defendants herein.

74.   Plaintiff, Titchenell, claims damages for the conscious pain and suffering including mental

and physical pain, suffering and inconvenience, loss of life's pleasures and aggravation of Plaintiff's Decedent's pre-existing medical conditions, up to and including the time of Decedent's death, which was caused by the Defendants' breach of duties, negligence, carelessness and intentional recklessness as described herein.

75.     In causing the aforementioned injuries, the Defendants knew, or should have known, that Diania Kronk would suffer the harms described herein.

76.     The conduct of the Defendants was intentional, outrageous, willful and wanton and exhibited a reckless indifference to the health and well-being of Diania Kronk.

77.     The conduct of the Defendants was such that an award of punitive damages is justified.

WHEREFORE, Plaintiff demands judgment against Defendants for all available damages, including but not limited to fees, costs, and any other such relief this Court deems just and proper.


JURY TRIAL DEMANDED

Respectfully Submitted,

s/ Lawrence E. Bolind, Jr.
Lawrence E Bolind, Jr., Esquire
PA ID No. 44827
238 Main Street
Imperial, PA 15126-1021
(724) 695-8620
(724) 695-8621 (fax)
bolindlaw@verizon.net

Counsel for the Plaintiff:
KELLY D. TITCHENELL,
Administratrix of the
 Estate of Diania L. Kronk, deceased,

Dated:  June 16, 2022